IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**WHITFIELD GRAVES,**

                    **Petitioner,**

        v.                                    **CASE NO. 03-3490-RDR**

**N.L. CONNER,**

                    **Respondent.**


### <u>O R D E R</u>

Petitioner, a prisoner now incarcerated in a federal penitentiary in Indiana, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which includes respondent's answer and return and petitioner's traverse,[1] the court finds this matter is ready for decision.

Petitioner alleges constitutional error in a 2003 disciplinary proceeding against him while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas. An incident report dated February 23, 2003, charged petitioner with possession of narcotics. The disciplinary action was suspended the next day when the incident report was referred to the Federal Bureau of Investigation (FBI) for possible criminal prosecution.

---

[1] Petitioner's request that respondent's answer and return be stricken from the record pursuant to Fed.R.Civ.P. 12(f) is denied. *See* <u>Nwakpuda v. Falley's, Inc.</u>, 114 F.Supp.2d 1213, 1215 (D.Kan. 1998)(motions to strike under Rule 12(f) are generally disfavored) (*citing* <u>Resolution Trust Corp. v. Scaletty</u>, 810 F.Supp. 1505, 1515 (D.Kan. 1992)).

On March 12, 2003, the FBI declined prosecution, and the matter returned to the Bureau of Prisons (BOP) for further disciplinary processing. The same day, BOP staff referred the incident report to the Unit Discipline Committee (UDC). On March 17, 2005, the UDC referred the charges to the Disciplinary Hearing Officer (DHO) for a hearing. The DHO found petitioner guilty of the charged offense, and imposed a sanction that included the loss of 27 days of statutory good time. Petitioner obtained no relief in his disciplinary appeal.

Petitioner filed the instant habeas corpus action seeking to set aside this disciplinary adjudication, and alleges the denial of due process in his disciplinary proceeding.

A United States district court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A disciplinary action that deprives a prisoner of a significant liberty interest, such as the denial of earned good time credits, must afford the prisoner the minimal due process guarantees recognized in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), namely to provide the inmate with "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996)(internal quotation omitted).

2

Additionally, due process requires the finding of a prison disciplinary body to be supported by some evidence in the record. <u>Superintendent, MCI, Walpole v. Hill</u>, 472 U.S. 445, 454-55 (1985). In announcing this standard, the Supreme Court stated that when reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. <u>Id</u>. at 455-56. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id</u>.

In the present case, petitioner claims USPLVN staff violated BOP policy by failing to conduct the UDC hearing within three working days, by failing to give petitioner notice that his incident report had been referred to the FBI for possible prosecution, and by failing to consider all the evidence as required by BOP policy. The court finds no relief under § 2241 is warranted on these allegations.

There is no serious contention that petitioner was not afforded the minimal due process guarantees in <u>Wolff</u>. To the extent petitioner instead seeks relief based on the alleged violations of BOP policies or guidelines proposed by the American Bar Association, no violation of petitioner's rights under the United States Constitution is presented unless petitioner demonstrates these alleged violations subjected him to confinement presenting atypical or significant deprivation that might conceivably create a liberty interest. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Petitioner makes no such showing in this

3

case. Also, given petitioner's admission to having marijuana in his inhaler, and given the DHO's consideration of photographs, test results, and written statements by staff, the sufficiency of the evidence supporting the DHO's decision raises no constitutional concern.

Finding no merit to petitioner's allegations of constitutional error in the challenged disciplinary proceeding, the court denies petitioner's application for a writ of habeas corpus under § 2241.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED: This 10th day of January 2006, at Topeka, Kansas.

       s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge